## COLLINGSWORTH *v.* COVINGTON.

A manager of slaves employed on a plantation may recover from the owner damages for a wound inflicted on him by one of the slaves under his charge, not caused by any fault of the manager. C. C. 180, 181, 2300. Articles 170, 2299 of the Civil Code relate not to slaves, but to free servants; and the proviso in art. 2299, that responsibility for damage occasioned by servants only attaches where the masters might have prevented the act which caused the damage and have not done it, is confined to cases of free servants.

APPEAL from the Court of Probates of Tensas, *Montgomery*, J. *Frost*, for the appellant, cited Civ. Code, art. 2300. *J. Dunlap*, for the defendant. The judgment of the court was pronounced by

KING, J. This action is instituted to recover damages for a serious wound, alleged to have been inflicted on the plaintiff by a slave belonging to the defen-

dant. The answer denies that the plaintiff has any cause of action against the defendant, and alleges that the former was the overseer and manager of the defendant, and as such was responsible for the good conduct of the slave in question, who was under his charge. During the pendency of the suit the defendant died, and the cause was transferred to the Probate Court, where it was tried, without the intervention of a jury. A judgment was rendered against the plaintiff, from which he has appealed.

COLLINGS-
WORTH
v.
COVINGTON.

The evidence establishes fully that the plaintiff, while in the employment of defendant as an overseer, received from a slave belonging to the latter a painful and dangerous wound, which disabled him for some time, and subjected him to charges for medical treatment. It is further in proof, that the plaintiff was a good manager, attentive to the health, discipline, and good government, of the slaves under his charge, and exercised no unnecessary severity; that *Covington* had rendered his slaves unmanageable by over indulgence; and that the loose discipline which he maintained on his plantation, was a source of complaint and dissatisfaction among his neighbors. This evidence is uncontradicted, and the veracity of the witnesses, by whom it is given, unimpeached. The judge below has assigned no reason for rejecting the plaintiff's demand, but probably considered, as has been contended by the counsel for the defendant, that masters are not responsible for the damage caused by their slaves, in cases like the present.

In our opinion, the judge erred. Masters are expressly made answerable for the damage occasioned by the offences or quasi-offences committed by their slaves, but with the right reserved to them of liberating themselves from that responsibility, by abandoning the slave. No exception to this rule is established which precludes an overseer or other person, having a slave under his charge, from obtaining reparation in damages for injuries caused by the latter. Civil Code, arts. 180, 181, 2300. Articles 170 and 2299 refer, not to slaves, but to free servants, with regard to whom a different rule is established. By the latter of these articles, the responsibility of the master, resulting from the acts of the free servant, only attaches when he might have prevented the act which caused the damage, and has not done it. Justice, in our opinion, requires that the cause be remanded for the purpose of being submitted to a jury.

It is therefore ordered that the judgment of the District Court be avoided and reversed, and that the cause be remanded for further proceedings; the appellee paying the costs of this appeal.